IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02811-BNB

RANDAL PERRIN,

    Plaintiff,

v.

RON WAGER, Associate Warden, Fremont Correctional Facility,
RAE TIMME, Warden, Fremont Correctional Facility, and
JAY KIRBY, I.D.P.R. Administrator, Officer of Inspector General,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED PLEADING

    Plaintiff, Randal Perrin, is serving a state court sentence with the Colorado Department of Corrections (DOC) at the Fremont Correctional Facility. Mr. Perrin initiated this action by filing a *pro se* Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on October 27, 2011. The Court granted Mr. Perrin leave to proceed pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee on November 17, 2011.

    The Court must construe the Complaint liberally because Mr. Perrin is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

    The Court has reviewed the Complaint filed by Mr. Perrin and finds that it is deficient. As background, Mr. Perrin states that he was given a urinalysis by DOC

officials on May 12, 2011, and that he tested positive for marijuana use on May 18, 2011. As a result, he alleges that he was found guilty of using dangerous drugs at a DOC hearing on May 23, 2011. Mr. Perrin asserts that he had only been in custody for 36 days at the time of his urinalysis testing and that he had a validly issued medical marijuana license prior to his incarceration. Therefore, he asserts that his Fourteenth Amendment right to due process was violated because DOC officials failed to investigate whether the levels of marijuana in his blood could have resulted from medical marijuana he used prior to his incarceration. As relief, Mr. Perrin seeks injunctive relief, including restoration of his earned time credit and expungement of other sanctions, in addition to damages.

Mr. Perrin's claims in this action are not properly asserted pursuant to 42 U.S.C. § 1983, which is reserved for challenges to the conditions of a prisoner's confinement. **See, e.g., Richards v. Bellmon**, 941 F.2d 1015, 1018 (10th Cir. 1991). Instead, because Mr. Perrin appears to assert claims that call into the question the execution of his sentence, his claims must be asserted pursuant to 28 U.S.C. § 2241. **See Montez v. McKinna**, 208 F.3d 862, 865 (10th Cir. 2000); *see also Marshall v. Milyard*, 2009 WL 4730473, *3 (D. Colo. Dec. 4, 2009) (finding that § 2241 is the proper vehicle to challenge a disciplinary conviction that results in the deprivation of earned time credits or an increased sentence). Therefore, Mr. Perrin will be directed to file an amended pleading on the proper form if he wishes to pursue his claims challenging the execution of his sentence. Mr. Perrin is warned that he may not assert any claims challenging the conditions of his confinement in a § 2241 action.

Finally, Mr. Perrin is directed that the only proper respondent to a habeas corpus action is the applicant's custodian.  *See* 28 U.S.C. § 2242; Rules 2(a) and 1(b), Rules Governing Section 2254 Cases in the United States District Courts; **Harris v. Champion**, 51 F.3d 901, 906 (10th Cir. 1995).  Accordingly, it is

ORDERED that Mr. Perrin file an amended pleading on the proper form **within thirty (30) days from the date of this order**.  It is

FURTHER ORDERED that Mr. Perrin shall obtain the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Mr. Perrin fails within the time allowed to file an amended pleading as directed, the action will be dismissed without further notice.

DATED November 30, 2011, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge